Tuesday, April 26. The Judges delivered their opinions.
Judge Tucker.
Asa Bacon (as attorney for Mantz) obtained an attachment against the effects of Hendley. The warrant recites, that Bacon had' made oath, “ that he had u grounds to suspect, and verily did believe, that Hendley u intended to remove his effects,” and “ that he will elude “ the ordinary legal process,” &c. Hendley gave bail, at the return of the attachment. The cause was proceeded in at the rules, when the defehdant pleaded that he was not removing, &c, to which there was a demurrer, and judgment for plaintiff thereupon. He also pleaded payment, which was found against him.
Upon the first consideration which I had of this cause, I was prepared to shew that the County Court decided right upon the demurrer to the defendant’s plea, in the ’ form in which it was pleaded, which seemed to me to be materially defective. And of that opinion I am still; but think it unnecessary to detain the Court with my reasons, because, upon a more minute examination of this warrant of attachment, it is so materially defective, that the Court ought, ex officio, to have quashed it, upon inspection, without waiting for a plea in abatement. The general rule is, that where a writ is only abateable, it must be abated by pleading in time; for matters in and before the writ cannot be taken advantage of in error.(a) But where it appears to the Court, from the writ itself, that it ought to abate, there the Court ought, ex officio, to give judgment against the plaintiff, though the defendant does not plead in abatement: otherwise, where it does not appear in the writ.(b) The attachment law authorises that mode of proceeding, only where a person makes complaint to a magistrate, that his *313 debtor is removing out of the County or Corporation, privately, or ABSCONDS or CONCEALS himself, so that the ordinary process of law cannot be served upon him. Here the oath is, that the party hath grounds to suspect that Hendley “ intends to remove, and that he will elude the or- “ dinary legal process.” This was not a sufficient reason -for granting the attachment. It ought to have been shewn that he actually was removing privately, or actually did abscond, or actually did conceal himself; either of which facts might have furnished a sufficient reason for the attachment. But, as it appears upon the face of the warrant, that neither of them were alleged as a ground of the attachment, the County Court erred in not quashing it; and consequently the judgment of the District reversing that of the County Court, ought to be affirmed. There is error in not having entered such judgment as the County Court ought to have rendered: but, the judgment being substantially in favour of the appellee, he is entitled to casts, according to Pendleton v. Vandevier, 1 Wash. 381. and Preston v. Harvey, last term.
Judge Roane.
There are two kinds of causes for which a writ (and, a fortiori, an attachment) may be abated; the one dehors the writ or attachment, and the other intrinsic.
The matter stated in the plea demurred to in the present' case, is of the former kind. It is a ground of opposition^ which, if proved or admitted, would go to abate any attachment whatever: whereas a matter intrinsic relates to the particular writ or attachment which is in question* The plea in question in this case is substantially a plea in abatement, though, in point of form, it approaches very nearly to a plea in bar. A plea in abatement is one “ which, w shews cause to the Court why the defendant should not “ be impleaded, or, if impleaded, not in the manner and “ form he now is,”(a) This definition determines the present to be substantially a plea in abatement; for the, de *314 fendant,'-for the reason he alleges, namely, “ that he was! “ not removing,” &c. demands judgment whether the plaintiff ought to maintain “ his attachment and action a against him.” It does not object to the action of the plaintiff generally, but to this particular action b)' attachment. In point of form, however, the plea is defective, in not having a proper conclusion. It ought to have demanded, that the attachment be quashed. This defect would, clearly be fatal, on a special demurrer; but, taken as a plea in abatement, the same effect is supposed to result from a general demurrer. I infer this from a passage in 1 Crompton, 174. where it is said that the statutes of 27 Eliz. and 4 and 5 Anne, (substantially agreeing with our act on this subject respecting demurrers,)(a) so far as they require judgments to be given “ according as the right shall appear, “ extend only to such demurrers as go to the action, and “ not to demurrers to pleas in abatement.” The author cites no adjudged cases in support of this position j but the doctrine seems congenial with that'stj-ictness with which dilatory pleas are generally considered. This plea in abatement, therefore, though substantially sufficient, yes not being so in point of form, the judgment of the Co-so far as it goes to sustain the demurrer and overrule the. plea, was correct.
The regular course in such case Would have been to award a respondeos ouster; but, where there is a matter of abatement intrinsic in the writ, it is said, that the Court will themselves take notice-of it.(b) This position seems justified by many decisions in this Court, in which it has been held, that if the declaration be radically defective in point of law, the Court ought not to give judgment upon it, notwithstanding the objection has not been taken; and I will ask, cui bono, shall the Court order further proceedings in a case, in which it sees manifestly that final judgment for the plaintiff can never be given ? This doctrine will, no doubt, at least equally apply in the case of the summary proceeding by attachment.
*315 My opinion, therefore, is, that the County Court ought, on account of the eminent and intrinsic defects existing in chis attachment and verdict, (some of which have been mentioned,) to have abated the attachment after the judgment upon the demurrer, at least, if not at an earlier period; and that the judgment of the District Court not having done this, but on the contrary having merely reversed a general judgment for the plaintiff, ought also to be reversed and corrected in this particular,
Judge Fleming.
In giving my opinion in this case, I must take the liberty of premising, that the law, commonly called the attachment laxo, which was formerly contained in the act establishing County Courts, and now, with small variation, makes apart of the act of It92, entitled, “ An “ act directing the method of proceeding in Courts of Eqúi- “ ty, against absent debtors, or other absent defendants, “ and for settling the proceedings against absconding' “ debtors,” though sound in principle, and salutary in its operation, when duly and properly administered, has been, within the course of my experience and observation, oftener perverted, and more abused, than any law in our whole statutory code; and, instead of promoting justice, is often made the engine of injustice and oppression.
The mode of proceeding against a certain class of debtors', by original attachment, being a summary procer dure unknown to the common law, the strict letter of the statute ought, I conceive, to be adhered to in all cases whatever.
In the 6th section of the act last above mentioned, it is enacted, that if any person shall make complaint to a justice of the peace, that his debtor is removing out of the County, or privately conceals himself so that the ordinary process of law cannot be served upon him, such justice shall grant an attachment against the estate of such debtor, or so much thereof as shall be sufficient to satisfy the. debt and •casts of such complainant, See,
*316 The attachment before us recites, that Asa Bacon maketh oa<h> that he having a bond of Hendley, assigned to Mantz, in his hands to collect, has grounds to suspect, and verily tpat tpe sajq Hendley intends to remove his effects, and will elude the ordinary legal process, &c.
The variance between the words of the law, and the ground on which the attachment is stated to have been awarded, goes to the substance as well as to the form of the complaint5 and therefore, it was the duty of the Court ex officio, to have quashed the attachment.
In the case of Hughson v. Webb, Cro. Eliz. 121. debt was -brought against the defendant as administratrix, upon a [simple] contract of the intestatethe defendant pleads fully administered, which was found against her. It was moved in arx-est of judgment, that debt xxpon a [simple] contract lieth not against an administrator.(1) And it was resolved by all the■ justices, that the plaintiff shall not have jxidgmexxt: for although the defendant, by her plea, admitted that the action lay against her, yet, when the matter at the beginning is not sufficient to chai-ge hex-, the Court, ex officio, ought to abate the writ, without exception' of the party, and the defendant’s plea taketh not away the authority of the Court, but they may abate the writ at any time.
If this be the law, then, in common cases, how much more foi-cible is the reason in this suminary proceeding, where the greatest strictness is required, and ought to be observed.
In' my apprehension, indeed, let the situation and circuxixstances of the debtor,' Hendley, have beeix what they might, Bacon could not have legally obtained an attachment on behalf of Mantz without a special, or general jxoxyer of attorney, comprehending the case; and he ap *317 pears to have been a mere collector, without any particular powers, either general or special.
The attachment bond, executed by Bacon and Binns, is by no means such a one as the law requires; which is, that the justice, before granting such attachment, shall take bond and security of the party for whom the same shall be issued, in double the sum to be attached, payable to the defendant, for satisfying all costs which shall be awarded to the defendant, in case the plaintiff suing out the attachment shall be cast in his suit, and also all damages, See» And every attachment issued without such bond taken, or where no bond shall be returned, is hereby declared illegal and void, and shall be dismissed.
The condition of the bond, in this case, is not agreeable to the requisition of the law. It is executed by Bacon, when the attachment issued for Mantz, at the instance of Bacon, (who styles himself his agent, it is true,) but that does not alter the case. The condition farther states, that he, Bacon, shall satisfy and pay all costs which shall be awarded to the said John, in case the said Bacon shall be cast in said attachment, &c. when he is no party to the suit, as appears through the whole record; there being only two parties, to wit, Mantz, plaintiff, and Hendley, defendant.
On these grounds, I am of opinion, without critically examining the pleadings, that the attachment, being improvidently awarded, contrary to law, (which no after proceedings could sanction,) ought to be quashed; but without prejudice to the right of Mantz, to recover his debt by any legal means he may think proper to pursue.
The opinion of the Court was, “ that the warrant of ah 44 tachment, which was granted in this case, is so defective “ upon the face thereof, that the' County Court to which it “ was returned ought to have quashed the same upon in-44 spection, without permitting any farther proceedings to be <4 had thereupon; and therefore that there is no error in the *318 “ judgment of the said District Court, reversing the judg* “ ment of the said County Court, with costs: Therefore, it is considered, that the same be so far affirmed, and u that tbe appellee, being tbe party substantially prevailing, “ recover against the appellant his costs, &c. But this u Court is farther of opinion, that the said District Court “ erred in not entering such judgment upon that reversal “ as the said County Court ought to have rendered. “ And this Court proceeding to render such judgment as “ the said District Court ought to have rendered, it is <0! farther considered, that the said warrant of attachment <c be quashed, and all tbe proceedings in the said County “ Court subsequent thereto set aside, and that tbe appellee “ go thereof without day.”'

 1 Salk. 2. Show. 169. 1 Roll. Abr.783. cited in Bac. Abr. tit. Abatement, H.

 4 Bac. Abr. Pleas And Pleadings, F. 8.

 1 Bac. Abr. 1.

 See Rev. Code, vol. 1. c. 76. sect. 27. p. 112.

 1 Bac. Abr. Gwil. edit. 29.

 See 9 Co. Rep. p. 86 — 90. Pinchon’s case, where it iras decided that although debt on a simple contract would not lie against an executor because the testator might have waged Ms law, yet assumpsit would, lie.